**Manuel S. NOBREGA, Plaintiff–
Appellant,**

v.

**MERCHANTS BANK OF VERMONT,
Defendant–Appellee.**

No. 02–7944.

United States Court of Appeals,
Second Circuit.

April 8, 2003.

Manuel S. Nobrega, Fort Dix, NJ, for Appellant.

R. Jeffrey Behm, Burlington, VT, for Appellee.

Present: POOLER, NEWMAN, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated Term of the United Stated Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 8th day of April, two thousand and three.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

Pro se plaintiff Manuel Nobrega contends that Merchants Bank of Vermont discriminated against him in violation of 42 U.S.C. Section 1983 when it took certain actions with respect to a checking account he opened at the bank. Specifically, Nobrega alleges that the bank acted illegally when it placed a "hold" on two checks he deposited in the account, and when it subsequently closed the account. After discovery, the District Court granted the bank's motion for summary judgment.

We review a grant of summary judgment de novo. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 285 (2d Cir.2002). In addition, Nobrega's status as a pro se litigant means that we must hold his allegations to a less stringent standard than pleadings drafted by an attorney. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). Even under this lenient standard, however, we affirm the District Court in all respects.

First, Nobrega's claim fails as a matter of law because liability under Section 1983 only applies to actions taken by government entities or employees, or by private entities or individuals when such actions may fairly be said to have been taken at the behest of the State. *See Lugar v.*

*Edmondson,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Nobrega presents no evidence that the actions of the bank of which he complains can be attributed to the State.

Second, even assuming that Nobrega can state some federal law claim, we are convinced of the correctness of the District Court's conclusion that the bank's actions were proper. The undisputed evidence shows that the bank was well within in rights when it withheld crediting the two checks to his account and that it gave Nobrega proper notice that his checking account was being closed.

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.